## Rambaut et al. v. White et al., Appellants.

*Foreign attachment—Attachment of curtesy—Sale of real estate —Husband and wife—Creditors' rights.*

1. Where a wife dies seized of an interest in real estate, leaving to survive her a husband and minor children, and the husband enters into an agreement with other parties in interest to sell the real estate and joins in a proceeding to secure the consent of the orphans' court to the sale of the minor's interest, a foreign at-

tachment levied against the husband's share will bind it, where it appears that no actual release of such interest was made, only a small part of the consideration had been paid, and that no deed . had been delivered; and · this is the case although the husband had agreed in the orphans' court proceedings to convey his interest without consideration.

2. In such case the husband, by his agreement to convey without consideration, could not legally augment the shares of his children in the purchase money at the expense of his creditors.

Argued March 25, 1921.   Appeal, No. 428, Jan. T., 1921, by intervening defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1920, No. 255, for plaintiffs on case-stated, in suit of Thomas D. Rambaut and E. Clinton Rhoads v. John M. White, and Frederick W. Bauer, guardian of estate of Mary White and Susan White, minors, intervening defendant.   Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Case-stated to determine whether foreign attachment bound husband's curtesy in his deceased wife's real estate.

The opinion of the Supreme Court states the facts.

· The court entered judgment for plaintiffs on case-stated.   Frederick W. Bauer, guardian, appealed.

*Error assigned* was above judgment, quoting it.

*Joseph P. Gaffney,* for appellant.—There was a good and valuable consideration for the release of the curtesy : Yeakel v. McAtee, 156 Pa. 600; Ferguson's App., 117 Pa. 426; James v. Aller, 68 N. J. Eq. 666.

The release of curtesy was not in fraud of appellee's rights: Posten v. Posten, 4 Wharton 26; Kelly's App., 77 Pa. 232; Coleman's Est., 193 Pa. 605.

*E. Clinton Rhoads,* of *Rhoads, Montgomery & Lazowick,* for appellees.—As a gift White's alleged release was unexecuted and transferred no rights : Collins v.

Collins, 2 Grant 116; Walsh's App., 122 Pa. 177; Rick's App., 105 Pa. 528; Cooper's Est., 263 Pa. 37.

As a contract or conveyance the transaction was without consideration and unenforceable as a contract and as a conveyance void as to existing creditors: Arnold's Est., 249 Pa. 348; Henderson v. Henderson, 133 Pa. 399; Bankard v. Shaw, 199 Pa. 623; Campbell's Est., 7 Pa. 100.

OPINION BY MR. JUSTICE SCHAFFER, April 18, 1921:

The facts essential to a proper understanding of this case are these: Plaintiffs held a judgment against John M. White, whose wife died seized of an undivided interest in certain real estate, leaving him and two minor children surviving; he and other parties in interest joined in an agreement to convey the property, subject to the approval of the orphans' court, and subsequently the orphans' court authorized the guardian of the minors to join in the sale. White signed a paper, attached to the petition for authority to sell, in which he stipulated that he, without consideration, would join in the execution of the deed to the purchaser. With matters in this shape, and before the deed was executed, plaintiffs issued a foreign attachment on their judgment, and White's interest as tenant by the curtesy in the real estate was attached. The question for solution is whether White, at the time of the issuance of the writ, had any interest in the property which could be attached.

Appellant contends that, since the writ did not issue until after White had joined in the agreement of sale and signed the petition to the orphans' court, he, by agreeing to surrender his curtesy without consideration, in effect released his estate to his children, and so completely divested himself of all interest as to leave nothing which the attachment could reach; but with this we cannot agree. No actual release of his interest was executed and, at the time the attachment was levied, only a very small part of the consideration money had

been paid and no deed had been delivered. Under the circumstances here appearing, White's interest in the land still remained in him, and therefore was as much bound by the attachment as it would have been had he not executed the agreement of sale or joined in the orphans' court proceeding. By his agreement to convey without consideration, he could not legally augment the shares of his children in the purchase money at the expense of his creditors. On the facts as they are, the case was properly determined by the court below.

The judgment is affirmed.